WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James Bolin,

Plaintiff,

v.

Commissioner of Social Security
Administration,

Defendant.

No. CV-17-00160-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff appeal of the denial of his application for social security disability benefits. Plaintiff alleges three claims of error on appeal: 1) the Administrative Law Judge (ALJ) did not give adequate reasons to discredit Plaintiff's symptom testimony; 2) the ALJ did not give adequate reasons discredit certain doctors' testimony; and 3) the ALJ did not properly consider Plaintiff's sleep apnea.

**I.    LEGAL STANDARD**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether

1    there is substantial evidence to support a decision, the Court considers the record as a

2    whole, weighing both the evidence that supports the ALJ's conclusions and the evidence

3    that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is

4    susceptible of more than one rational interpretation, it is the ALJ's conclusion which

5    must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences

6    logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see*

7    *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is

8    because "[t]he trier of fact and not the reviewing court must resolve conflicts in the

9    evidence, and if the evidence can support either outcome, the court may not substitute its

10   judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992);

11   *see also Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

12        The ALJ is responsible for resolving conflicts in medical testimony, determining

13   credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039

14   (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence

15   supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d

16   498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g) (2012). On the other hand, the

17   Court "may not affirm simply by isolating a specific quantum of supporting evidence."

18   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation and citation omitted).

19        Finally, the Court is not charged with reviewing the evidence and making its own

20   judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is

21   constrained to the reasons asserted by the ALJ and the evidence relied on in support of

22   those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

23   **II.    DISCUSSION**

24        **A.    PLAINTIFF'S SYMPTOM TESTIMONY**

25        "Unless an ALJ makes a finding of malingering based on affirmative evidence

26   thereof," the ALJ may only find the claimant not credible by making specific findings

27   supported by the record that provide clear and convincing reasons to explain her

28   credibility evaluation. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)

1    (citing *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996)). In this case, both

2    parties agree that the ALJ made no finding of malingering; and, therefore, was required to

3    give clear and convincing reasons to reject the claimant's testimony about the severity of

4    his symptoms. (Doc. 14 at 8[1]; Doc. 13 at 11-12).

5           In rendering a credibility determination, the ALJ may consider several factors,

6    including: "(1) ordinary techniques of credibility evaluation, such as the claimant's

7    reputation for lying, prior inconsistent statements concerning the symptoms, and other

8    testimony by the claimant that appears less than candid; (2) unexplained or inadequately

9    explained failure to seek treatment or to follow a prescribed course of treatment; and

10   (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039

11   (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284). If the ALJ relies on these factors and

12   his reliance is supported by substantial evidence, the Court "may not engage in second-

13   guessing." *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)).

14          In his briefing, Plaintiff does not dispute that the ALJ has a citation to medical

15   evidence of record for each finding. Instead, Plaintiff argues that there is other evidence

16   of record that the ALJ should have considered to reach a different finding.

17          For example, the ALJ noted that Plaintiff received relief from his pain with

18   medication. (Doc. 10-3 at 26[2]). Plaintiff argues that while this is true, Plaintiff's five

19   year history of using strong pain medication should not be discounted by Plaintiff's

20   improvement with pain medication. (Doc. 13 at 13). Conversely, Defendant notes that

21   the ALJ's finding is consistent with Plaintiff's own testimony ("The pain never goes

22   away other than, you know, when I take the medication to block it"). (Doc. 14 at 11)

23   (citing Transcript at 51)    Further, Defendant notes that under Ninth Circuit law,

24   impairments that can be controlled with medication are not disabling. (Doc. 14 at 12)

25   (citing *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)).

26

27          [1] Defendant notes its disagreement with the Ninth Circuit's law on this point.
     (Doc. 14 at n.4).

28          [2]  The page number reflects the numbering in this Court's docket, not the
     numbering in the ALJ's decision.

1  Therefore, the Court finds improvement with medication is a clear and convincing reason

2  to discredit Plaintiff's pain testimony.

3       By way of further example, Plaintiff argues that while the ALJ correctly recounted

4  the breadth and difficulty of Plaintiff's daily activities, the ALJ failed to include certain

5  limitations on those activities. (Doc. 13 at 14). The ALJ noted that Plaintiff's doctor

6  recommended he exercise 40 to 60 minutes per day (Doc. 10-3 at 26) and that Plaintiff

7  hikes and walks for exercise (*Id.*). Further, the ALJ noted that Plaintiff takes care of all

8  of his own personal grooming (including dressing, bathing, hair care, shaving, eating and

9  using the restroom) with no reminders. (Doc. 10-3 at 22). The ALJ also noted that

10  Plaintiff cleans, does the dishes, prepares simple means, drives a car, shops in stores for

11  meals, clothes and household supplies, watches television, and takes his medication

12  without reminders. (Doc. 10-3 at 22). Further, Plaintiff has no limitations in social

13  functioning including getting along with others. (Doc. 10-3 at 22). Plaintiff claims the

14  ALJ failed to note that Plaintiff can only do yard work for one hour and needs the help of

15  a friend. (Doc. 13 at 14).

16       Defendant notes that under Ninth Circuit law daily activities can be grounds for

17  discrediting a claimant's testimony that he has a totally disabling impairment to the

18  extent such activities are inconsistent with such testimony. (Doc. 14 at 11) (citing *Molina*

19  *v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)). Further, Defendant argues that the

20  inconsistency between Plaintiff's testimony that he is in severe pain after standing for 30

21  minutes versus the fact that Plaintiff lost significant weight from hiking is a clear and

22  convincing reason why Plaintiff's daily activities discredit Plaintiff's symptom testimony

23  (before even considering Plaintiff's many other activities). (Doc. 14 at 11).

24       The Court finds that these two findings by the ALJ (which are not all of the ALJ's

25  findings[3]) are clear and convincing reasons to discredit Plaintiff's testimony that he is

26

27       [3] The ALJ also found that the medical evidence of record undermined and was
inconsistent with the severity of the symptoms Plaintiff claims. (Doc. 10-3 at 27). The

28  ALJ further found that Plaintiff's work history was inconsistent with his claims that he
was unable to work due to his claimed disability. (Doc. 10-3 at 25). These are also clear
and convincing reasons (supported by substantial evidence of record in this case) under

1    totally disabled.  While Plaintiff asks this Court to re-weigh the evidence, "If the ALJ's

2    credibility finding is supported by substantial evidence in the record, [the Court] may not

3    engage in second guessing.  *See Thomas*, 278 F.3d at 959.  Accordingly, the Court will

4    not reverse the ALJ on this claim of error.

5            **B.      DOCTORS' OPINIONS**

6            The parties agree that on this record the ALJ must give specific and legitimate

7    reasons supported by substantial evidence of record to not credit the opinions of Drs.

8    Foxx and Goldberg.[4]  (Doc. 15 at 5; Doc. 14 at 16); *see also Lester v. Chater*, 81 F.3d

9    821, 830 (9th Cir. 1995).    "If evidence exists to support more than one rational

10   interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of the*

11   *Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

12           **1.      Dr. Foxx**

13           Here, Plaintiff argues the ALJ erred in not fully crediting the opinion of Dr. Foxx.

14   The ALJ did not fully credit Dr. Foxx's opinion for several reasons, including: 1) Dr.

15   Foxx's November 2013 notes are internally inconsistent because at the same time

16   Plaintiff was having a period of successful treatment (by radiofrequency neuroablation

17   procedures), Dr. Foxx concluded Plaintiff's pain was persistent, severe and disabling; 2)

18   Dr. Foxx does not have supporting rationale for her diagnosis; 3) Dr. Foxx's notes later

19   found Plaintiff's pain to be the result of life stressors not spinal impairments; 4) the Dr.

20   inconsistently found Plaintiff disabled, but noted he needed to prepare for a "new work-

21   life"; 5) Dr. Foxx's clinic notes showed "mild" rather than severe findings; and 6) Dr.

22   _____

23   Ninth Circuit law to discredit the severity of Plaintiff's symptom testimony.  *See*
     *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)
24   ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's
     subjective testimony."); *Thomas*, 278 F.3d at 959 ("In addition to finding no objective
25   medical evidence to support Ms. Thomas' descriptions of her pain and limitations, the
     ALJ found that Ms. Thomas had an 'extremely poor work history' and 'has shown little
26   propensity to work in her lifetime,' which negatively affected her credibility regarding
     her inability to work. Ms. Thomas' work history was spotty, at best, with years of
27   unemployment between jobs, even before she claimed disability in June of 1993.").

28        [4]   This test applies because these doctors' findings are inconsistent with Dr.
     Roberts' findings, and therefore are contradicted by other medical evidence of record.
     (Doc. 10-3 at 28); *Connett*, 340 F.3d at 874.

1    Foxx's objective clinical findings strongly suggested Plaintiff would improve with

2    physical therapy.  (Doc. 10-3 at 27-28).

3           The Ninth Circuit recognizes internally inconsistent findings, findings without

4    explanations or rationales, and findings that are inconsistent with the objective medical

5    record as specific and legitimate reasons to not credit a treating physician.  *See Thomas*,

6    278 F.3d at 957; *Tommasetti*, 533 F.3d at 1041.  The ALJ offered reasons that fit within

7    each of the categories for not crediting Dr. Foxx's opinion

8           Plaintiff claims error on appeal arguing that the ALJ mischaracterized his

9    radiofrequency neuroablation procedures as successful when he only had relief from pain

10   for 2-3 days.  (Doc. 13 t 16).  However, what the ALJ actually found was that it was

11   inconsistent for Dr. Foxx to, at the same time, find Plaintiff was pain free for 2 to 3 days

12   but during those same days have persistent, severe and disabling pain.  (Doc. 10-3 at 27

13   (citing Exhibit 4F, pg. 1)).   Thus, this Court finds no error based on this statement by the

14   ALJ.

15          Next, Plaintiff argues that the fact that his pain is from life stressors is not a reason

16   to discredit Dr. Foxx's opinion.  However, as Defendant notes, courts have held that life

17   stressors are not disabling.  *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010); *see

18   also Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999).  The Court finds no error in the

19   ALJ noting this finding by Dr. Foxx.

20          Finally, Plaintiff argues it was error for the ALJ to note that Dr. Foxx counseled

21   Plaintiff on a new work-life because that was just one aspect of Dr. Foxx's notes.  The

22   ALJ read Dr. Foxx's notes completely, and found this statement about a new work life

23   balance to be inconsistent with Dr. Foxx's other notes that Plaintiff was disabled.  This

24   internal inconsistency in the doctor's notes was one basis for the ALJ to discredit the

25   doctor's opinion.  In other words, the ALJ did not rely on this statement, in isolation, to

26   find Plaintiff was not disabled.  Thus, the Court finds no error in the ALJ considering this

27   statement as part of Dr. Foxx's overall opinion.

28          Based on all of the foregoing, the Court finds the ALJ gave specific and legitimate

1   reasons, supported by substantial evidence of record, to not fully credit the opinions of

2   Dr. Foxx.

3               **2.      Dr. Goldberg**

4           Plaintiff argues the ALJ did not give specific and legitimate reasons for not

5   crediting the opinion of Dr. Goldberg.  Dr. Goldberg opined that Plaintiff could not work

6   due to his back pain and mind altering medications.  (Doc. 10-3 at 28).  The ALJ did not

7   credit Dr. Goldberg's opinion because: 1) Dr. Goldberg's opinions were not supported by

8   the objective medical evidence; 2) Plaintiff only sought treatment once a quarter

9   suggesting his condition was stable; 3) Dr. Goldberg tapered then ended her prescriptions

10  of narcotic pain medications; and 4) Dr. Goldberg's notes do not describe intensive

11  treatment or surgical interventions.  (Doc. 10-3 at 28).

12          Plaintiff claims the ALJ committed error because the ALJ classified the medical

13  evidence as showing mild stenosis and mild disc bulges, when one test showed moderate

14  to severe disc space narrowing.  (*Compare* Doc. 10-3 at 28 *with* Doc. 10-9 at 76.)

15  However, when Doc. 10-9 at 76 is read as a whole, it states that there are either no

16  findings, or minimal or mild findings 16 times, and moderate to severe results once.

17  (Doc. 10-9 at 76-77).  Thus, the ALJ's overall categorization of mild findings is not

18  inaccurate.  Thus, when the ALJ concluded that the objective medical evidence showing

19  mild findings was inconsistent with Dr. Goldberg's conclusion that Plaintiff cannot work,

20  the ALJ did not commit error.

21          Next, Plaintiff argues that the ALJ erred in concluding that his condition was

22  stable because he only sought treatment from Dr. Goldberg once per quarter.  (Doc. 13 at

23  18).  Plaintiff argues that his condition was not stable because he increased his narcotic

24  pain medication, but Plaintiff cites nothing to support this factual assertion.  (*Id*.).  On

25  this record, the Court finds the ALJ did not commit error by noting the frequency of

26  Plaintiff's visits to Dr. Goldberg.

27          Next Plaintiff argues the ALJ committed error by not discussing how his

28  medications made him sedated.  (Doc. 13 at 18).  However, when Dr. Goldberg referred

Plaintiff to Dr. Foxx, Dr. Foxx's notes state "The patient denies any adverse effects from medication including sedation." (Doc. 10-8 at 102). The Court finds the ALJ did not err for not discussing a condition Plaintiff denies exists.

Finally, Plaintiff complains that the ALJ erred in stating his narcotic pain medication ended. (Doc. 13 at 18). However, the ALJ made this statement in the context of discussing Dr. Goldberg's treatment of Plaintiff. (Doc. 10-3 at 28). With respect to Dr. Goldberg, the record supports that when Plaintiff was referred to Dr. Foxx by Dr. Goldberg, Dr. Goldberg tapered then ended her narcotic prescriptions. Specifically, Dr. Foxx's notes state: "**THE PATIENT WAS ADVISED THAT THERE CAN NOT BE ANY FURTHER PROVIDERS WRITING FOR ANY NARCOTICS FROM THIS DAY FORWARD. ANY FUTURE VIOLATIONS WILL RESULT IN OUR OFFICE NO LONGER PRESCRIBING ANY NARCOTICS.**" (Doc. 10-8 at 105 (emphasis in original)). Thus, on this record, the ALJ's statement that Dr. Goldberg ended narcotic prescriptions appears to be true and was, therefore, not error.

Defendant notes that the ALJ may discount a medical opinion that conflicts with objective evidence of record. (Doc. 14 at 19-20 (citing 20 C.F.R. §§404.1527(c)(4), 416.927(c)(4)). Here, the ALJ made such finding based on the objective imaging, Plaintiff's infrequent treatment, and Plaintiff's conservative treatment plan. These are all specific and legitimate reasons supported by substantial evidence of record to not give full weight to the opinion of Dr. Goldberg; therefore, the ALJ did not commit error.

### 3. Drs. Woodward, Novak, and Kerns

Plaintiff argues it was error for the ALJ to not discuss the opinions of Drs. Woodward, Novak and Kerns. (Doc. 13 at 18). Defendant responds and argues that the ALJ need not discuss a doctor's opinion if it is consistent with, or fully incorporated into, the Plaintiff's residual functional capacity. (Doc. 14 at 21 (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010)). In his reply, Plaintiff does not dispute the fact that these doctors opinions are consistent with the residual function capacity of the Plaintiff as found by the ALJ, nor does Plaintiff cite any cases that are

1    inconsistent with *Turner*. (Doc. 15 at 8). Therefore, the ALJ did not commit error by not

2    giving specific and legitimate reasons for "not crediting" these doctors' opinions because

3    the ALJ did in fact credit them.

4    ### C.    SLEEP APNEA

5    In a heading, the ALJ stated, "The claimant has the following severe

6    impairments…obstructive sleep apnea…." (Doc. 10-3 at 21).    However, later in the

7    decision, the ALJ finds that the sleep apnea is not severe. Specifically, the ALJ states:

8    > The record makes some references to sleep apnea, hypothyroidism, restless leg syndrome, and migraine headaches. The record shows that the claimant did not receive regular or intensive treatments for these minor issues. During the hearing, he did not describe significant limitations related to these conditions. Additionally, his treating physicians do not include severe symptoms or limitations related to these issues. [citation omitted]. Polysomnography revealed only mild obstructive sleep apnea. [citation omitted]. The undersigned has reviewed the entire medical record and had not elevated these issues to be included in the severe impairments to be discussed in this decision.

13   (Doc. 10-3 at 23).

14   Defendant argues that it is clear that the ALJ found Plaintiff's sleep apnea to not

15   be a severe impairment. (Doc. 14 at 5). Defendant goes on to argue that the ALJ's

16   inclusion of sleep apnea in the heading listing the severe impairments is either a

17   scrivener's error or harmless error. (*Id*.)

18   Plaintiff argues that to the extent the ALJ concluded that Plaintiff's sleep apnea

19   was not severe, that conclusion was in error. (Doc. 15 at 8). Specifically, Plaintiff argues

20   that he has an extensive record complaining of "insomnia, fatigue, grogginess and

21   sedation." (*Id*.). First, Plaintiff cites nothing showing that Plaintiff's claimed sleep apnea

22   would result in "sedation."   Second, while the Court could imagine how sleep apnea

23   could result in fatigue or grogginess, Plaintiff cites nothing showing any doctor actually

24   made such a diagnosis.  Thus, on this record, the Court finds nothing that shows that the

25   ALJ erred in concluding that sleep apnea was not a severe condition for Plaintiff.

26   Further, the Court agrees with Defendant that the ALJ's inclusion of sleep apnea in the

27   heading listing severe impairments was a scrivener's error that does not warrant reversal.

28

1    **III.    CONCLUSION**

2         Based on the foregoing,

3         **IT IS ORDERED** that the decision of the ALJ is affirmed and the Clerk of the

4    Court shall enter judgment accordingly.

5         Dated this 16th day of January, 2018.

6

7

8         _____

9                        James A. Teilborg
                 Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28